JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2049 AG (MLGx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | DEUTSCHE BANK v. CECILIA M. LE, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff Deutsche Bank ("Plaintiff") filed a Complaint for unlawful detainer in state court, seeking to evict defendants from foreclosed property ("Property") and requesting related damages.

Defendants now file a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court. Defendants appear to claim that removal is proper under both 28 U.S.C. § 1331 (original federal question jurisdiction) and 28 U.S.C. § 1332 (diversity). No federal jurisdiction over this action exists under either reason.

First, no federal question exists. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" not by reference to any counter-claims defendants may raise. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question. *See, e.g., Cooper v.*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2049 AG (MLGx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | DEUTSCHE BANK v. CECILIA M. LE, et al. | | |

*Washington Mut. Bank*, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal. Dec. 6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at *2–3 (N.D. Cal. Aug. 30, 2010) (same).  Thus, the Court does not have subject matter jurisdiction under 28 U .S.C. § 1331.

Second, the Court does not have diversity jurisdiction over this case.  The Notice of Removal alleges that Plaintiff is a citizen of New York and Delaware, and that Defendants are citizens of California.  (Notice ¶ 7.)  But Defendants have not established that the amount in controversy exceeds $75,000.  When a plaintiff has pleaded less than the jurisdictional amount, a removing defendant must establish "to a legal certainty that the amount in controversy exceeds the statutory minimum."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  While Defendants assert that the amount in controversy exceeds $75,000, there is nothing in the Complaint or the Notice of Removal to justify this determination.  In the Complaint, Plaintiff seeks damages at the rate of $50 per day, beginning on August 7, 2012, for a total of "under $10,000."  (Complaint, Dkt. No. 1, at 1, 3.)  Defendants assert that the amount in controversy "exceeds the sum or value of $75,000."  (Notice ¶ 7.)  But Defendants have not provided any evidence supporting this assertion.  Defendants thus have not proven "to a legal certainty" that the amount in controversy exceeds $75,000.  *Lowdermilk*, 479 F.3d at 999.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972).  Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*.  Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2049 AG (MLGx) | Date | November 29, 2012 |
|---|---|---|---|
| Title | DEUTSCHE BANK v. CECILIA M. LE, et al. | | |

**DISPOSITION**

Defendants have failed to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |